IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WALLACE DEAN GILBERT, | ) |
| Petitioner, | ) ) |
| | ) NO. 1:21-cv-00009 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, | ) |
| Respondent | ) ) |

## **MEMORANDUM OPINION**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. No. 1, "Motion") filed by Petitioner, wherein he seeks vacatur of his conviction in his underlying criminal case (this Court's case no. 1:18-cr-00013).

Petitioner's Motion arises from his conviction on one count, namely possession of a firearm subsequent to a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. No. 1). On September 24, 2019, Petitioner pled guilty to this, the sole count of the Indictment. (No. 1:18-cr-00013, Doc. No. 64). On July 8, 2020, the Court sentenced Petitioner to 180 months' imprisonment and three years of supervised release. (No. 1:18-cr-00013, Doc. No. 85). Thereafter, Petitioner did not appeal.

On March 5, 2021, Petitioner filed the instant Motion raising two grounds for relief: (1) "[c]ounsel was ineffective under U.S. Constitution Sixth Amendment by unlawfully inducing [Petitioner] to make unknowing[,] unintelligent[, and] involuntary plea" (Doc. No. 1 at 4); and (2) counsel provided ineffective assistance of counsel "[i]n all critical stages of the proceedings" including the "suppression hearing, plea bargaining, [and the] sentencing hearing" (*id*. at 5). On

May 20, 2021, the Court denied Petitioner's Motion seeking relief under Ground One and certain aspects of Ground Two (the claim of ineffective assistance of counsel during plea bargaining and sentencing) pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, because "it plainly appear[ed] from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" on those grounds. (Doc. No. 8 at 8 (quoting Rules Governing Section 2255 Proceedings 4(b)) (internal quotation marks omitted)).

In regard to the remaining issue—whether Petitioner's counsel provided ineffective assistance of counsel at the suppression hearing—the Court ordered Petitioner to better explain the basis of that claim, as he had only conclusorily asserted that claim without putting forth any factual basis in support thereof. (*Id.*).

On June 21, 2021, Petitioner, in compliance with the Court's order to supplement his Petition, filed a "Motion Supplementing Show of Cause as Ordered by this Court at [Doc. No.] 8 pp. 8-9," (Doc. No. 9, "Supplement"), wherein he states the basis for his ineffective assistance of counsel claim regarding the suppression issue as follows:

> [T]his Court has never had, nor could it ever, in this case, sustain the requisite element of "jurisdiction" over the subject matter, due to the fact that Petitioner never possessed the firearm "[in] and affecting commerce," which is [a] prerequisite in order to sustain federal jurisdiction, that the Plaintiff Federal Government must prove to invoke "jurisdiction" upon this Court, to proceed from the first instant.

(Doc. No. 9 at 2). Petitioner goes on to reiterate in essence his original argument, *i.e.*, as he puts it, that *he* "had nothing to do with the [firearm] traveling in or affecting interstate commerce, and for certain <u>DID NOT</u> possess the firearm or receive the firearm white [it] traveled in of affected interstate commerce." (*Id.* at 6). This means, according to Petitioner, that the "in and affecting commerce" element of a Section 922(g) offense is lacking, which in turn means that the Court

lacks subject matter jurisdiction over the offense. (*Id.* at 7). Thus, Petitioner asserts that his counsel "should have moved to suppress the 'evidence' based on the fact that Petitioner never possessed the firearm [in] interstate commerce[.]" (*Id.* at 4).

Petitioner complains that there "is no reason" that he "should have to sit here and explain this rudiment requisite element" to the Court. However, Petitioner's understanding of the interstate commerce element, as already explained by the Court in its prior Order (Doc. No. 8), is blatantly wrong. In its prior Order, the Court explained:

> the Government does not need to "prove" that "[Petitioner] caused the gun to travel in interstate commerce," (Doc. No. 7 at 2 (emphasis added)), because it is not an element of a Section 922(g) violation that the defendant caused the gun to travel in interstate commerce; the Government need prove only that the gun traveled in interstate commerce *at some time prior to the defendant's possession*. *See United States v. Conley*, 802 F. App'x 919, 924 (6th Cir. 2020) ("To prove a violation of 18 U.S.C. § 922(g), the government must show that the defendant (1) had a previous felony conviction, (2) knew he had a prior felony conviction, (3) knowingly possessed a firearm, and (4) the firearm traveled in or affected interstate commerce."). And the Government included facts supporting this element in its factual basis during the plea hearing. (Case No. 1:18-cr-00013, Doc. No. 87 at 24 ("an ATF expert concluded that the 9mm pistol had traveled in interstate commerce prior to the defendant's possession of the firearm")).

(Doc. No. 8 at 5).

Again, as Petitioner did in his Motion, he cites *United States v. Bass*, 404 U.S. 336 (1971), in support of his argument. He again contends that in *Bass*, the Supreme Court made "abundantly clear" that the United States does not have jurisdiction to prosecute a gun crime that occurs "solely within the territorial jurisdiction of the States of Tennessee." (Doc. No. 9 at 5). In *Bass*, the Court construed former 18 U.S.C. § 1202(a), making it a crime for a convicted felon to "receive[ ], possess[ ], or transport[ ] in commerce or affecting commerce . . . any firearm," to hold that the statutory phrase "in commerce or affecting commerce" applied to all three predicate offenses:

"'possesses' and 'receives' as well as 'transports.'" 404 U.S. at 347. Thus, the Court held that Section 1202(a) required the Government to prove a requisite nexus with interstate commerce. *Id*. The Court in *Bass* was not presented with the question what would constitute an adequate nexus with commerce. In a subsequent decision, *United States v. Scarborough*, the Supreme Court held that the firearm statute at issue required only a "minimal nexus that the firearm have been, *at some time*, in interstate commerce." 431 U.S. 563, 575, n.11 (1977) (emphasis added). Indeed, the Court rejected the petitioner's position that that the interstate commerce nexus must be "contemporaneous" with the possession, which is the same position Petitioner takes here. *Id*. at 568.

The Sixth Circuit has repeatedly held that *Scarborough* applies to § 922(g)(1). *E.g., United States v. Chesney*, 86 F.3d 564, 571 (6th Cir. 1996) ("The Supreme Court has held [in *Scarborough*] that proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving the 'in commerce or affecting commerce' element of § 1202(a), the predecessor to § 922(g)(1)."); *see also United States v. Murphy*, 107 F.3d 1199, 1211 (6th Cir. 1997) ("proof that a firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected interstate commerce") (quoting *United States v. Vincent*, 20 F.3d 229, 236 (6th Cir.1994))). Accordingly, based on this binding case law, it is apparent that the Government need not prove that Petitioner himself possessed the firearm in interstate commerce. As stated in *Scarborough*, it is enough that the firearm traveled in interstate commerce *at some time*. 431 U.S. 563, 575 n.11 (1977).

Accordingly, because Petitioner's proffered argument is patently frivolous, the Court rejects Petitioner's claim that his counsel was deficient in litigating the suppression motion by not

raising this issue. Furthermore, Petitioner also cannot show that he was prejudiced by any of counsel's actions in regard to the suppression motion, as his legal position is simply wrong. *See Strickland*, 466 U.S. 668, 686–88. Moreover, Petitioner utterly fails to explain why the alleged (but in fact non-existent) absence of the "in and affecting commerce" element would support *suppression* of the firearm; if such absence (*i.e.*, the inability of the Government to prove this element beyond a reasonable doubt) becomes apparent *at trial*, that would entail the remedy for the defendant of acquittal at trial. But such absence does not support the remedy of *suppression* pursuant to a (pretrial) motion to suppress. The *absence of elements* is not grounds for suppressing evidence; violations of constitutional rights (including the Fourth, Fifth and Sixth Amendments) are what constitute grounds for suppressing evidence. Moreover, any absence of the "in and affecting commerce" element would not even be apparent—and could not be determined, or held against the Government—at the suppression stage, because the Government is not required to establish the elements of an offense at the pretrial motions stage; it is not required to do so until trial.

In short, the facts offered by the Government, and admitted by Petitioner at his plea hearing, clearly establish the "in and affecting commerce" element. And even if they did not, the alleged lack of this element would not have been grounds for suppressing the firearm anyway. For each of these two alternative reasons, Petitioner's counsel was not ineffective for failing to raise the alleged absence of this element as grounds for suppressing the firearm. Therefore, the Court concludes that it is clear from the record that Petitioner is not entitled to relief in regard to the suppression issue of Ground Two.

After filing the Supplement, Petitioner also filed a Motion for Reconsideration (Doc. No. 10), wherein Petitioner asked the Court to reconsider its prior Memorandum and Order (Doc. No. 8), which denied the other grounds for relief raised in his Motion. The Motion for Reconsideration raises the same arguments raised in the Motion and in the Supplement—*i.e.*, that this Court is without jurisdiction because there is no nexus to interstate commerce. (*See* Doc. No. 10). The Court has explained at length above, and in its prior Order (Doc. No. 8), that Petitioner's contention is incorrect. As his Motion for Reconsideration simply restates his prior argument that the Court rejected, the Motion for Reconsideration is DENIED.

## CONCLUSION

The Court is extremely reluctant to browbeat pro se parties for not knowing what they are talking about (as sometimes but not always is the case), as so doing typically would be petty and insensitive. But here, Petitioner has rather aggressively asserted that the Court does not know what it is doing and/or is violating his oath in addressing Petitioner's argument. Accordingly, the Court must say it, albeit reluctantly: Petitioner appears, based on what he is saying and how he is saying it, to have no idea whatsoever what he is talking about. The Court makes this point not gratuitously, but rather to address something that Petitioner has made quite clear, *i.e.*, that he does not understand, or accept, what the Court is saying in response to his Motion. The Court's point here is that if Petitioner does not understand or accept what the Court is saying, it is not because *the Court* does not know what it is talking about or even that the Court's reasoning in this case has been at all unsound; it has been no such thing. The Court does not expect Petitioner to like the sentence he received (even though it was the minimum possible sentence under the law) or the Court's conclusion that the Motion is entirely without merit, but it does expect Petitioner to know

what he is talking about when he stridently accuses the Court of not knowing what it is talking about.

After giving Petitioner an opportunity to better explain his claim for relief under Ground Two as it related to the suppression issue, the Court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4(b). Thus, the Court rejects this claim for relief. As it was Petitioner's only remaining claim, the Court will deny Petitioner's Motion in full. Additionally, Petitioner's Motion for Reconsideration (Doc. No. 10) will be denied. Further, Petitioner's Motion to Appoint Counsel (Doc. No. 3) will be denied, as the appointment of counsel would make no difference to the outcome here.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE